**In re Aurendina G. VEIGA, Associate Magistrate, Rhode Island Traffic Tribunal.**

### No. 03–642–M.P.

Supreme Court of Rhode Island.

Dec. 22, 2003.

Renn Olenn.

Marc Desisto, Providence.

### O R D E R

This case, involving respondent Aurendina G. Veiga, an Associate Magistrate of the Rhode Island Traffic Tribunal, came before the Court in conference on a petition for waiver of public hearing filed pursuant to Rule 20 of the rules of the Commission on Judicial Tenure and Discipline (the commission) and on the commission's presentation of its disciplinary recommendations to the Court, along with respondent's assent thereto. The essential facts from which the commission's charges against the respondent derived were amply recited by this Court in *In the Matter of Aurendina G. Veiga,* 783 A.2d 911 (R.I. 2001) (herein referred to as the Carl Barovier matter) and need not be repeated here. Suffice it to say that following our public censure of respondent and pursuant to the recommendation of the Supreme Court Disciplinary Board for her conduct

as an attorney in the Carl Barovier matter, we referred the case to the commission for that tribunal's review of respondent's conduct after assuming her judicial office. On April 7, 2003, the commission, following an investigation, served notice of charges upon the respondent in accordance with Gen. Laws 1956 (1997 Reenactment) § 8–16–4, subsection (c). The charges consisted *inter alia* of knowingly misleading former client Carl Barovier, and misleading the commission during its investigation of the Barovier incident. Further, in an unrelated additional accusation, the commission charged respondent with taking action in respect to an alleged traffic offender who had come before her after engaging in an *ex parte* communication with that individual without notifying the charging police department.

Respondent admitted her guilt of the Barovier-related charges and consented to the commission's recommended sanctions for those violations. These include a 30-day suspension without pay (the use of paid vacation time to comply with the suspension is prohibited) and the completion of twenty (20) Continuing Legal Education (CLE) credit hours devoted to the topics of judicial and legal ethics, to be completed within one (1) year of disposition of the Barovier-related charges, with the understanding that, upon respondent's application, the commission might, for good cause shown and in its discretion, reduce the total number of required CLE credits or extend the time for completion thereof. Further, based upon the respondent's acknowledgment both of her *ex parte* communication relative to the third charge brought by the commission and of her continuing responsibility to promptly notify all concerned parties regarding the substance of any *ex parte* communications in which she is involved, the commission agreed to decline further prosecution on that charge. Based upon the respondent's

aforementioned admissions and acknowledgments, and in light of her acceptance of the commission's proposed sanctions, the commission joined with respondent in petitioning this Court for a waiver of public hearing and submission of the recommended sanctions for our approval. We have carefully considered this matter and the commission's recommended sanctions in the case, along with respondent's assent thereto, and we hereby affirm the commission's recommended sanctions.

Accordingly, the respondent Aurendina G. Veiga is ordered suspended without pay from her judicial office for a period of thirty (30) days effective as of the date of this Order. Respondent is further directed to complete twenty (20) CLE credit hours on the topics of judicial and legal ethics within one (1) year from the date of this Order.

Justice GOLDBERG dissents.